UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETER EICHSTAEDT, and<br>All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br>v.<br><br>ENTERNET LLC., and<br>FASTECHNOLOGY GROUP LLC,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)　Case No.<br>)<br>)　Judge<br>)<br>)　Magistrate<br>)<br>) | FILED: MARCH 21, 2008<br>08CV1679　　　　EDA<br>JUDGE ZAGEL<br>MAGISTRATE JUDGE BROWN |

## COMPLAINT

Plaintiff, PETER EICHSTAEDT (EICHSTAEDT), and All Others Similarly Situated, by his attorneys, Gaffney & Gaffney, for their Complaint against ENTERNET LLC (ENTERNET), and FASTECHNOLOGY GROUP LLC (FASTECHNOLOGY), collectively Defendants, states:

### COUNT I – FAIR LABOR STANDARDS ACT

#### Introduction

1. This is an action by Plaintiff pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et. seq. ("FLSA"). The damages sought exceed $75,000.

#### Jurisdiction and Venue

2. Jurisdiction over Plaintiff's FLSA claims is conferred upon this Court pursuant to 29 U.S.C.S. §216(b).

3. Venue in the United States District Court for the Northern District of Illinois is appropriate under 28 U.S.C. §1391(a) and (b), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois.

4. Relief is sought against Defendants as well as its agents, assistants, successors, employees and all persons acting in concert or cooperation with Defendants or at its direction.

**Parties**

5. EICHSTAEDT is an adult citizen of Lombard, DuPage County, Illinois. At all times material to this Complaint, EICHSTAEDT worked primarily from ENTERNET's places of business in Lombard or Lisle, DuPage County, Illinois.

6. At all times relevant to this action, Plaintiff was an employee within the definition of section 3(e) and related provisions of the FLSA, 29 U.S.C. §203(e).

7. On information and belief, ENTERNET was a Delaware limited liability corporation which on or about February 15, 2008 either merged with or was purchased by FASTECHNOLOGY which is an Illinois limited liability corporation. ENTERNET was EICHSTAEDT's employer for which EICHSTAEDT performed substantial work within the State of Illinois. On information and belief, FASTECHNOLOGY is the successor of ENTERNET's liability to EICHSTAEDT and other current or former employees of ENTERNET.

8. At all times relevant to this action, Defendants (a) have continuously employed employees in commerce within the meaning of sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §203(b), (i) and (j) of the FLSA, 29 U.S.C. §203(b), (i) and (j), and related provisions; and (b) have been an employer of employees within the meaning of section 3(d) of the FLSA, 29 U.S.C. §203(d) and related provisions. Also, at all times relevant to this action, Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" within the definitions of §§3(r) and (s) of the FLSA [29 U.S.C. §203(r) and (s)]. Defendants were and are an "enterprise" as so defined by the FLSA in that they were and are a leading developer of high-end turnkey real-time process control systems for the commercial printing and newspaper

publishing industries, with nationwide installations for large scale commercial printers and newspaper publishers. Defendants design and manufacture network-compatible process control systems that connect, control, interface, import and report operating functions of a bindery or packaging production line. Defendants have customers in various national and international cities and states. Defendants have had employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. Defendants are an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

### Conditions Precedent

9. Plaintiff has performed all conditions precedent to the bringing of this Complaint under the FLSA. Plaintiff's consent to be a plaintiff in this FLSA lawsuit, as required by §16(b) of the FLSA [29 U.S.C. §216(b)], is subscribed at the end of this Complaint.

### Facts

10. Plaintiff started work for ENTERNET on February 3, 2003 and his employment ended after FASTECHNOLOGY assumed responsibility for Plaintiff's employment, on February 15, 2008.

11. Plaintiff's title was "Field Support Engineer" although in reality Plaintiff had only a high school education and did not have a college degree. His duties and responsibilities during the tenure of his employment were in the nature of providing technical services such as field installations, maintenance, operation and testing of Defendants' systems. Plaintiff was at all times during the tenure of his employment a non-exempt employee as defined by the FLSA. 29 USC §213.

12. Plaintiff was required to be "on call" on numerous occasions during the tenure of his employment, wherein he had to travel to customer locations mostly out of state and be "on call" on a 24/7 basis. While "on call" Plaintiff could not devote time to the ordinary activities of private life or use his personal time effectively for personal pursuits. On numerous occasions while "on call," Plaintiff was not completely relieved from duty and Plaintiff was not off duty pursuant to 29 C.F.R. §785.16.

13. During periods Plaintiff worked "on call", Plaintiff was unable to use the time effectively for his own purposes. The time belonged to and was controlled by Defendants, and waiting was an integral part of the job. Plaintiff was engaged to wait. 29 C.F.R. §785.15.

14. During periods Plaintiff worked "on call," he was required to remain "on call" so close to Defendants' customers' premises that he could not use the time effectively for his own purposes, and because of this, was working while "on call" per 29 C.F.R. §785.17.

15. During his tenure of employment with Defendants, Plaintiff was paid on a salary basis, notwithstanding Plaintiff's status as a non-exempt employee under the FLSA and was paid at a rate that ranged from what equated to $24.76 per hour to $28.138 per hour.

16. Not only did Defendants not compensate Plaintiff for "on call" hours, Defendants did not compensate Plaintiff for hours worked on-site during Plaintiff's tenure of employment, which exceeded forty (40) hours per week. Plaintiff regularly and consistently worked in excess of forty (40) hours per week "on site" in addition to being available "on call."

17. Defendants violated FLSA minimum wage provisions at 29 U.S.C. §206 because Defendants did not pay Plaintiff the federal minimum wage rate for all on-call hours that Plaintiff worked:

(a) In excess of forty (40) hours per week;

(b) In excess of eighty (80) hours per biweekly pay period; and/or

(c) In excess of eight (8) hours per day.

18.    Defendants were aware that the FLSA applied to it or showed reckless disregard whether or not the FLSA applied to it. Defendants willfully failed to pay Plaintiff minimum wage and overtime pay for on-call hours in violation of the FLSA. Defendants cannot meet their burden of proving both that they were acting in good faith and that they reasonably believed their conduct was consistent with law. The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

19.    This Count is brought as a collective ("opt-in") action pursuant to §16(b) of the FLSA [29 U.S.C. §216(b)].

**WHEREFORE**, Plaintiff on his own behalf and on behalf of all additional plaintiffs, prays that this Court:

A.    Order Defendants to produce all records of all hours worked by plaintiffs and of all compensation received by each plaintiff for the three years immediately preceding the filing of this lawsuit;

B.    Enter judgment in favor of each plaintiff and against Defendants, for the amount shown to be due that plaintiff for Defendants' failure to pay minimum wage and overtime;

C.    Enter judgment in favor of each plaintiff and against Defendants for liquidated damages in an amount equal to the amount shown to be due that plaintiff for Defendants' failure to pay minimum wage and overtime;

D.    Enter judgment against Defendants for Plaintiff's reasonable attorney's fees, expenses and costs of this action; and

E.  Award each plaintiff such other relief as this Court deems just and appropriate.

## COUNT II – VIOLATIONS OF ILLINOIS MINIMUM WAGE LAWS

20.  Plaintiff incorporates paragraphs 1 through 19 of Count I as paragraphs 1 through 19 of this Count II.

21.  This Court has supplemental jurisdiction of Plaintiff's State law claim pursuant to 28 U.S.C. §B67(Q).

22.  Defendants' failure to pay Plaintiff as a non-exempt employee for work performed "on site" in excess of forty (40) hours per week and failure to pay Plaintiff any compensation for "on call" hours that Plaintiff worked is in violation of the Illinois Minimum Wage Act, 820 ILCS 105/1 et. seq.  Pursuant to 820 ILCS 105/12(a) Plaintiff may recover in a civil action the amount of any such underpayment together with such costs and reasonable attorney's fees as allowed by the Court, and any agreement between Plaintiff and his employer to work for less than the wage he is lawfully entitled to is no defense to such action.  Additionally, Plaintiff seeks recovery of the punitive damages available pursuant to said statute, as Defendants' failure to pay pursuant to Illinois law was knowing and willful.  Plaintiff also seeks the penalty provisions available pursuant to the Illinois Wage Payment and Collection Act. 820 ILCS 115/14(b).

23.  On March 6, 2008, Defendants received a statutory demand for unpaid wages pursuant to 705 ILCS 225/1.  Defendants have made no payment pursuant to said demand and Plaintiff thereby claims attorney's fees and costs pursuant to that Illinois statute.

WHEREFORE, Plaintiff on his own behalf and on behalf of all additional plaintiffs, prays that this Court:

A. Order Defendants to produce all records of all hours worked by plaintiffs and of all compensation received by each plaintiff for the three years immediately preceding the filing of this lawsuit;

B. Enter judgment in favor of each plaintiff and against Defendants for the amount shown to be due that plaintiff for Defendants' failure to pay Illinois minimum wage rates;

C. Enter judgment in favor of each plaintiff and against Defendants for statutory penalty damages for Defendants' failure to pay Illinois minimum wage rates;

D. Enter judgment against Defendants, for Plaintiff's reasonable attorney's fees, expenses and costs of this action; and

E. Award each plaintiff such other relief as this Court deems just and appropriate together with interest, statutory damages as allowed under the FLSA (including liquidated damages), punitive damages, reasonable attorney's fees, and costs of this action.

_____
Justin K. Gaffney
Attorney for Peter Eichstaedt

## JURY DEMAND

Plaintiff demands trial by jury on any issues of fact determinable by jury trial.

_____
Glenn R. Gaffney

## Consent to be Fair Labor Standards Act Plaintiff

I understand that this suit is being brought under the Fair Labor Standards Act, and I hereby consent to be a plaintiff in this lawsuit.

MARCH 21, 2008                               _____
Date                                          Peter Eichstaedt, Plaintiff

Glenn R. Gaffney  (6180598)
Justin R. Gaffney   (6281428)
Gaffney & Gaffney
1771 Bloomingdale Road
Glendale Heights, IL 60139
(630) 462-1200

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PETER EICHSTAEDT, and )
All Others Similarly Situated )
)
Plaintiffs, ) Case No.
v. )
) Judge
ENTERNET LLC., and )
FASTECHNOLOGY GROUP LLC, ) Magistrate
)
Defendants. )

**CONSENT TO BE PLAINTIFF IN**
**FAIR LABOR STANDARDS ACT LAWSUIT**

1. I understand that this lawsuit is being brought under the Fair Labor Standards Act and other laws. I hereby consent to be a plaintiff in this lawsuit. I understand that in signing and filing this Consent, I will be bound by any settlement of or judgment in this lawsuit.

2. I hereby appoint Glenn R. Gaffney and Justin R. Gaffney of Gaffney & Gaffney as my attorneys for the lawsuit in which those Fair Labor Standards Act claims are being brought.

3. I hereby further authorize this Consent to be filed in court.

**AGREED:**

_____
Signature

PETER D. EICHSTAEDT
Printed name

554 S. WESTMORE MEYERS RD
Address

LOMBARD, IL 60148
City, State

MARCH 21, 2008
Date

9