### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| PETER EICHSTAEDT, | ) | |
| MICHAEL BEITSCHER, and | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  08 CV 01679 |
| v. | ) | |
| | ) | Judge James B. Zagel |
| ENTERNET LLC; FASTECHNOLOGY | ) | |
| GROUP LLC; JOHN SPRIESER; and | ) | Magistrate Geraldine Soat Brown |
| ROBERT DAVIDSON | ) | |
| | ) | |
| Defendants. | ) | |

### FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiffs, PETER EICHSTAEDT (EICHSTAEDT), MICHAEL BEITSCHER (BEITSCHER), and all others similarly situated, by their attorneys, Gaffney & Gaffney, amends as of right[1] their Complaint against ENTERNET LLC (ENTERNET), FASTECHNOLOGY GROUP LLC (FASTECHNOLOGY), JOHN SPRIESER (SPRIESER), and ROBERT DAVIDSON (DAVIDSON), collectively Defendants, and state:

### COUNT I – FAIR LABOR STANDARDS ACT

#### Introduction

1.      This is an action by Plaintiff pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et. seq.  ("FLSA").  The damages sought exceed $75,000.

#### Jurisdiction and Venue

---

[1] This amendment is as of right under Federal Rule of Civil Procedure 15(a) because there has been no responsive pleading filed within the meaning of that Rule.  Ross v. Franzen, 777 F.2d 1216 at 1222 (7th Cir. 1985); LaBatt v. Twomey, 513 F.2d 641 at 650 – 51 (7th Cir.1975).

1

2.      Jurisdiction over Plaintiffs' FLSA claims is conferred upon this Court pursuant to 29 U.S.C.S. §216(b).

3.      Venue in the United States District Court for the Northern District of Illinois is appropriate under 28 U.S.C. §1391(a) and (b), as a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois.

4.      Relief is sought against ENTERNET as well as its members, managers, successors, employees and all persons acting in concert or cooperation with Defendants or at its direction, which includes but is not limited to SPRIESER, DAVIDSON and FASTECHNOLOGY.

## Parties

5.      EICHSTAEDT is an adult citizen of Lombard, DuPage County, Illinois.  At all times material to this Complaint, EICHSTAEDT worked primarily from ENTERNET's places of business in Lombard or Lisle, DuPage County, Illinois.

6.      BEITSCHER is an adult citizen of Round Lake Beach, Lake County, Illinois.  At all times material to this Complaint, BEITSCHER worked primarily from ENTERNET's place of business in Lombard or Lisle, DuPage County, Illinois.

7.      At all times relevant to this action, Plaintiffs were employees within the definition of section 3(e) and related provisions of the FLSA, 29 U.S.C. §203(e).

8.      ENTERNET was Plaintiffs' employer for which Plaintiffs performed substantial work within the State of Illinois and at other locations outside the State of Illinois while on assignment for ENTERNET.

9.      ENTERNET is or was a Delaware limited liability corporation which on or about February 15, 2008 either merged or consolidated with or was purchased by FASTECHNOLOGY

2

which is an Illinois limited liability corporation.  On information and belief,

FASTECHNOLOGY is the successor of ENTERNET's liability to EICHSTAEDT and other

current or former employees of ENTERNET.  Pursuant to the Fair Labor Standards Act, a

successor LLC is liable for the wage claims of entities merged, consolidated or purchased.

Additionally, FASTECHNOLOGY as the successor to ENTERNET had knowledge of

ENTERNET's failure to comply with the FLSA and there has been substantial continuity of

ENTERNET's operation by FASTECHNOLOGY which includes, but is not limited to,

maintenance of the ENTERNET name, business, location, management and employees.

FASTECHNOLOGY publicly promulgates statements to the effect that ENTERNET is a

"division of FASTECHNOLOGY."

      10.     At all times relevant to this action, Defendants (a) have continuously employed

employees in commerce within the meaning of sections 3(b), (i) and (j) of the FLSA, 29 U.S.C.

§203(b), (i) and (j) of the FLSA, 29 U.S.C. §203(b), (i) and (j), and related provisions; and (b)

have been an employer of employees within the meaning of section 3(d) of the FLSA, 29 U.S.C.

§203(d) and related provisions.  Also, at all times relevant to this action, Defendants were an

"enterprise engaged in commerce or in the production of goods for commerce" within the

definitions of §§3(r) and (s) of the FLSA [29 U.S.C. §203(r) and (s)].  Defendants were and are

an "enterprise" as so defined by the FLSA in that they were and are a leading developer of high-

end turnkey real-time process control systems for the commercial printing and newspaper

publishing industries, with nationwide installations for large scale commercial printers and

newspaper publishers.  Defendants design and manufacture network-compatible process control

systems that connect, control, interface, import and report operating functions of a bindery or

packaging production line.  Defendants have customers in various national and international

3

cities and states.  Defendants have had employees engaged in commerce or in the production of

goods for commerce, or have had employees handling, selling, or otherwise working on goods or

materials that have been moved in or produced for commerce by any person.  Defendants are an

enterprise whose annual gross volume of sales made or business done is not less than $500,000.

11.    JOHN SPRIESER (SPRIESER) was at all times relevant a member, owner and

principal officer of ENTERNET who has personally benefited lucratively from ENTERNET's

violation of the FLSA and the merger, consolidation or sale of ENTERNET assets to

FASTECHNOLOGY.  On information and belief, SPRIESER continues to perform management

and consulting responsibilities for FASTECHNOLOGY and ENTERNET, a division of

FASTECHNOLOGY.

12.    JOHN DAVIDSON (DAVIDSON) was a former and a current officer of

ENTERNET and FASTECHNOLOGY performing the role of President and Chief Operating

Officer.  On information and belief, DAVIDSON personally benefited lucratively from

ENTERNET's violation of the FLSA, along with the merger, consolidation or sale of

ENTERNET's assets to FASTECHNOLOGY.  On information and belief, DAVIDSON

continues to perform management and consulting responsibilities for FASTECHNOLOGY and

ENTERNET, a division of FASTECHNOLOGY.

### Conditions Precedent

13.    Plaintiffs have performed all conditions precedent to the bringing of this

Complaint under the FLSA.  Plaintiffs have consent to be plaintiffs in this FLSA lawsuit, as

required by §16(b) of the FLSA [29 U.S.C. §216(b)], are subscribed at the end of this Complaint.

**Facts**

14.    EICHSTAEDT started work for ENTERNET on February 3, 2003 and his employment ended on or about February 15, 2008.

15.    BEITSCHER started work for ENTERNET on June 13, 2005 and his employment ended on or about February 15, 2008.

16.    EICHSTAEDT's title was "Field Engineer" although in reality EICHSTAEDT had only a high school education and did not have a college degree.  His duties and responsibilities during the tenure of his employment were in the nature of providing technical services such as field installations, maintenance, operation and testing of Defendants' systems. EICHSTAEDT was at all times during the tenure of his employment a non-exempt employee as defined by the FLSA.  29 USC §213.

17.    BEITSCHER's title was "Field Engineer" although in reality BEITSCHER had only a high school education and did not have a college degree.  His duties and responsibilities during the tenure of his employment were in the nature of providing technical services such as field installations, maintenance, operation and testing of Defendants' systems.  BEITSCHER was at all times during the tenure of his employment a non-exempt employee as defined by the FLSA.  29 USC §213.

18.    As non-exempt employees, Plaintiffs and those similarly situated were required to be compensated pursuant to the FLSA for all hours "suffered or permitted" to be worked. 29 C.F.R. §785.11 to §785.13.  Plaintiffs and those similarly situated were not compensated for all hours worked and were not paid pursuant to §7(a) of the FLSA for their overtime hours in any amount which should have been paid at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty hours per week.  Plaintiffs, and those

similarly situated, worked substantially in excess of forty hours a week which included, but was not limited to, the following general categories of work:

  A. Travel time.  29 C.F.R. §785.37 and 39;

  B. Preliminary and postliminium activities;

  C. Plaintiffs were not freed from their duties and responsibilities during meal periods and were often subject to burdensome interruptions requiring compensation;

  D. Plaintiffs were often required to be "on call" wherein they were not able to devote time to the ordinary activities of private life or use their personal private time effectively for personal pursuits and were therefore not completely relieved from duty.  29 C.F.R. §785.16. On many occasions, time belonged to and was controlled by their employer so that waiting was an integral part of the job.  29 C.F.R. §785.15.  Plaintiffs were required to wait close to their employer's customer premises especially when traveling and could not use their effectively for their own purposes.  29 C.F.R. §785.17.

  E. Plaintiffs regularly worked in excess of forty hours per week while on duty either at their employer's premises or at a prescribed workplace.  Plaintiffs are entitled to compensable hours for all time spent "on site" and "on premises" as well as all other pre-shift and post-shift activities which were an integral part of their principal activity and which were closely related and indispensable to the performance of their duties.

  19. Defendants violated FLSA minimum wage provisions at 29 U.S.C. §206 because Defendants did not pay Plaintiffs the federal minimum or the required overtime wage rate for all on-call hours that Plaintiffs  worked:

  (a)  In excess of forty (40) hours per week;

  (b)  In excess of eighty (80) hours per biweekly pay period; and/or

(c)  In excess of eight (8) hours per day.

20.     Defendants were aware that the FLSA applied to it or showed reckless disregard whether or not the FLSA applied to it.  Defendants willfully failed to pay Plaintiff minimum wage and overtime pay for on-call hours in violation of the FLSA.  Defendants cannot meet their burden of proving both that they were acting in good faith and that they reasonably believed their conduct was consistent with law.  The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.  Defendants' FLSA violations were "willful."

21.     This Count is brought as a collective ("opt-in") action pursuant to §16(b) of the FLSA [29 U.S.C. §216(b)].

**WHEREFORE**, Plaintiffs on their own behalf and on behalf of all additional plaintiffs, pray that this Court:

A.   Order Defendants to produce all records of all hours worked by Plaintiffs and of all compensation received by each Plaintiff for the three years immediately preceding the filing of this lawsuit;

B.   Enter judgment in favor of each Plaintiff and against Defendants, for the amount shown to be due that Plaintiff for Defendants' failure to pay minimum wage and overtime;

C.   Enter judgment in favor of each Plaintiff and against Defendants for liquidated damages in an amount equal to the amount shown to be due that Plaintiff for Defendants' failure to pay minimum wage and overtime;

D.   Enter judgment against Defendants for Plaintiffs' reasonable attorney's fees, expenses and costs of this action; and

E.   Award each Plaintiff such other relief as this Court deems just and appropriate.

## COUNT II – VIOLATIONS OF ILLINOIS WAGE LAWS

21.     Plaintiffs incorporates paragraphs 1 through 21 of Count I as paragraphs 1 through 21 of this Count II.

22.     This Court has supplemental jurisdiction of Plaintiff's State law claim pursuant to 29 U.S.C. §1367.

22.     Defendants' failure to pay Plaintiffs as non-exempt employees for work performed in excess of forty (40) hours per week and failure to pay Plaintiffs overtime violates the Illinois Minimum Wage Act, 820 ILCS 105/1 et. seq.  Pursuant to 820 ILCS 105/12(a) Plaintiff may recover in a civil action the amount of any such underpayment together with such costs and reasonable attorney's fees as allowed by the Court, and any agreement between Plaintiff and his employer to work for less than the wage he is lawfully entitled to is no defense to such action.  Additionally, Plaintiffs seek recovery of the punitive damages available pursuant to said statute, as Defendants' failure to pay pursuant to Illinois law was knowing and willful. Plaintiffs also seek penalties available pursuant to the Illinois Wage Payment and Collection Act. 820 ILCS 115/14(b).

24.     SPRIESER and DAVIDSON were both officers of ENTERNET who knowingly permitted ENTERNET to violate the provisions of the Illinois Minimum Wage Act and the Illinois Wage Payment and Collection Act, and are therefore deemed to be the "employers" of Plaintiffs, personally liable for amounts due under the Illinois Wage Laws.  820 ILCS 115/13.

25.     On March 6, 2008, Defendants received a statutory demand for unpaid wages pursuant to 705 ILCS 225/1.  Defendants have made no payment pursuant to said demand and Plaintiffs thereby claim attorney's fees and costs pursuant to that Illinois statute.

8

WHEREFORE, Plaintiffs on their own behalf and on behalf of all additional plaintiffs, pray that this Court:

A.   Order Defendants to produce all records of all hours worked by Plaintiffs and of all compensation received by each Plaintiff for the three years immediately preceding the filing of this lawsuit;

B.   Enter judgment in favor of each Plaintiff and against each Defendant, jointly and severally, for the amount shown to be due that Plaintiff for Defendants' failure to pay Illinois minimum wage rates;

C.   Enter judgment in favor of each Plaintiff and against Defendants for statutory penalty damages for Defendants' failure to pay Illinois minimum wage rates;

D.   Enter judgment against Defendants, for Plaintiffs' reasonable attorney's fees, expenses and costs of this action; and

E.   Award each Plaintiff such other relief as this Court deems just and appropriate together with interest, statutory damages as allowed under the Illinois wage laws  (including liquidated damages), punitive damages, reasonable attorney's fees, and costs of this action.


/s/Justin R. Gaffney
Justin R. Gaffney
Attorney for Peter Eichstaedt
and Michael Beitscher

## **JURY DEMAND**

Plaintiffs demand trial by jury on any issues of fact determinable by jury trial.

<div style="margin-left:40%">

/s/Justin R. Gaffney
Justin R. Gaffney
Attorney for Peter Eichstaedt
and Michael Beitscher

</div>

Glenn R. Gaffney  (6180598)
Justin R. Gaffney   (6281428)
Gaffney & Gaffney
1771 Bloomingdale Road
Glendale Heights, IL 60139
(630) 462-1200

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| PETER EICHSTAEDT, and<br>All Others Similarly Situated | ) ) ) | |
| Plaintiffs, | ) | Case No. |
| v. | ) ) | Judge |
| ENTERNET LLC., and<br>FASTECHNOLOGY GROUP LLC, | ) ) | Magistrate |
| Defendants. | ) ) ) | |

### CONSENT TO BE PLAINTIFF IN
### FAIR LABOR STANDARDS ACT LAWSUIT

1.      I understand that this lawsuit is being brought under the Fair Labor Standards Act and other laws. I hereby consent to be a plaintiff in this lawsuit. I understand that in signing and filing this Consent, I will be bound by any settlement of or judgment in this lawsuit.

2.      I hereby appoint Glenn R. Gaffney and Justin R. Gaffney of Gaffney & Gaffney as my attorneys for the lawsuit in which those Fair Labor Standards Act claims are being brought.

3.      I hereby further authorize this Consent to be filed in court.

**AGREED:**

_Pete Etth_
Signature

_PETER D. EICHSTADT_
Printed name

_554 S. WESTMORE MEYERS RD_
Address

_LOMBARD, IL 60148_
City, State

_MARCH 21, 2008_
Date

9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER EICHSTAEDT,<br>MICHAEL BIETSCHER, and<br>All Others Similarly Situated ) ) ) ) | |
| Plaintiffs, ) | Case No. 08 CV 01679 |
| v. ) | |
| ) | Judge James B. Zagel |
| ENTERNET LLC.; FASTECHNOLOGY<br>GROUP LLC.; JOHN SPRIESER, and<br>ROBERT DAVIDSON, ) ) ) | Magistrate Geraldine Soat Brown |
| ) | |
| Defendants. ) | |

## CONSENT TO BE PLAINTIFF IN
## FAIR LABOR STANDARDS ACT LAWSUIT

1.     I understand that this lawsuit is being brought under the Fair Labor Standards Act and other laws.  I hereby consent to be a plaintiff in this lawsuit.  I understand that in signing and filing this Consent, I will be bound by any settlement of or judgment in this lawsuit.

2.     I hereby appoint Glenn R. Gaffney and Justin R. Gaffney of Gaffney & Gaffney as my attorneys for the lawsuit in which those Fair Labor Standards Act claims are being brought.

3.     I hereby further authorize this Consent to be filed in court.

**AGREED:**

_____
Signature

_MICHAEL A. BEITSCHER_
Printed name

_1407 MELROSE AV_
Address

_ROUND LAKE BEACH, IL_
City, State

_4-9-08_
Date

11